IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN PAYETTE,

                Plaintiff,

v.

DR. ROBERT HOBDAY and EVELYN KILLIAN,

                Defendants.

ORDER

14-cv-515-jdp

---

*Pro se* plaintiff Allen Payette, an inmate at the New Lisbon Correctional Institution, is proceeding on Eighth Amendment deliberate indifference and state law medical malpractice claims that defendants Robert Hobday (the prison dentist) and Evelyn Killian (a dental assistant) forced him to undergo a surgical dental procedure with an anesthetic to which he was allergic, which ultimately caused him heart-related problems.

Plaintiff has filed a motion to "request clarification" about the nature of his claims, Dkt. 18, that I will construe as a motion for reconsideration of the January 20, 2015 screening order. Plaintiff states that in addition to his deliberate indifference and medical malpractice claims, he wishes to bring "cruel and unusual punishment" claims against defendants for their medical treatment. I will deny plaintiff's motion because his claims are actually claims for "cruel and unusual punishment." The Eighth Amendment prohibits the government from inflicting cruel and unusual punishment on prisoners, and that is the source of his deliberate indifference claims against defendants. That is, plaintiff brings claims that defendants violated his Eighth Amendment right against cruel and unusual punishment when they acted with deliberate indifference in providing him anesthetic to which they knew he

was allergic. There is no difference between a "deliberate indifference" claim and a "cruel and unusual punishment" claim in this context.

Plaintiff has also filed a renewed motion for recruitment of counsel. Dkt. 27. I denied plaintiff's previous motion for counsel in part because the case had not yet reached the exhaustion stage. *See* Dkt. 15. Plaintiff points out that the deadline for an exhaustion motion has passed without defendants filing such a motion, that the case will involve complex medical topics, and that he suffers from severe mental illness as well as heart issues that may harm his ability to meet court deadlines.

It is possible that this case will prove to exceed plaintiff's ability to litigate it, and if that happens I will attempt to recruit counsel. But that is not yet the case. It is still relatively early in the litigation. Much of plaintiff's claims concerns what and when defendants knew about plaintiff's allergy, so it is possible that this case will not hinge on disputes over complex medical issues about the nature of plaintiff's allergy and heart problems. In addition, despite plaintiff's statements that he suffers from physical and mental health problems, his filings have been focused and he has done a relatively good job of presenting his claims thus far. Plaintiff has also submitted discovery requests he has sent to defendants and he appears to be asking relevant questions that should help him obtain the type of information he needs to litigate the case.[1] To the extent he may need an extension of time to meet certain deadlines, he is free to ask for one so long as he supports the request with information showing why he needs the extension. Accordingly, I will again deny plaintiff's motion for recruitment of counsel without prejudice. Plaintiff remains free to renew his request later in the proceedings.

---

[1] It is not necessary for plaintiff to submit discovery requests to the court. He may do so if he needs the court's assistance in getting responses from defendants, in which case he may file an appropriate motion. I do not expect that such a motion will be necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff Allen Payette's motion for reconsideration of the court's January 20, 2015 screening order, Dkt. 18, is DENIED.

2. Plaintiff's renewed motion for the court's assistance in recruiting him counsel, Dkt. 27, is DENIED without prejudice.

Entered August 27, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge